**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4138

GILROY LAMAR BRUNSON, a/k/a
Gilroy Brunson, a/k/a Lamar
Brunson,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4139

GILROY LAMAR BRUNSON, a/k/a
Gilroy Brunson, a/k/a Lamar
Brunson,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Richard B. Kellam, Senior District Judge.
(CR-92-57-N, CR-92-101-N)

Submitted: September 17, 1996

Decided: October 11, 1996

Before WILKINS, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrew I. Becker, DIAMONSTEIN, BECKER & STANLEY, P.L.C., Virginia Beach, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Harvey L. Bryant, III, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gilroy Lamar Brunson appeals from the district court's orders revoking his supervised release and sentencing him to two concurrent twelve-month terms of imprisonment. Brunson claims that the district court erred by failing to consider the policy statements contained in Chapter 7 of the Sentencing Guidelines* and by denying a continuance of the hearing date.

Brunson pled guilty in February 1993 to filing false claims upon the Internal Revenue Service (18 U.S.C. § 287 (1994)), wire fraud (18 U.S.C. § 1343 (1994)), and removal of bankruptcy court records (18 U.S.C. § 2071(a) (1994)) and was sentenced to two thirty-three month prison terms, to run concurrently. Brunson's sentence included a three-year term of supervised release.

Brunson's three-year period of supervised release began on June 22, 1995. On November 21, 1995, his probation officer filed a petition alleging violations of several conditions of supervised release: (1) commission of three crimes (felony larceny, misdemeanor assault and battery, and violation of a protective order); (2) failure to report to his

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).

probation officer as directed; and (3) failing to follow instructions of his probation officer (failure to make proper restitution payments and failure to register as a felon with the Virginia Beach Police Department).

The initial hearing was set for December 14, 1995. However, Brunson's retained attorney was allowed to withdraw and the hearing was continued until December 19th. Brunson's new retained attorney requested a continuance and the hearing was continued until December 28th. Again, however, Brunson's attorney was allowed to withdraw because he would not be available on that date. The district court appointed counsel for Brunson and granted a continuance until January 3, 1996.

At the January 3rd hearing, Brunson's attorney requested yet another continuance. The district court denied the motion so that the witnesses who were present could testify, but agreed to set another hearing date in order to allow Brunson to present more witnesses. Brunson's attorney stated that he wished to call four more witnesses at the next hearing, which was originally set for January 17th but which ultimately took place on January 31st. During the interim, Brunson's probation officer filed an addendum to the petition alleging additional violations of the terms of his supervised release (failure to notify his probation officer of his arrest on January 4, 1996, on four counts of writing worthless checks). At the January 31st hearing, Brunson's attorney stated that he was ready to proceed but that he would not be calling any witnesses. After hearing testimony from the probation officer and from Brunson, the district court imposed two twelve-month sentences, to run concurrently. Brunson's attorney noted no objections to the sentence.

Brunson appeals, claiming (1) that the district court failed to consider the policy statements contained in USSG § 7B1.4; and (2) that the district court erred in denying his attorney's request for a continuance at the beginning of the January 3rd hearing. We find both claims to be without merit.

First, this court has specifically held that the Chapter 7 policy statements are non-binding and advisory only, United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). In any event, Brunson does not show

3

how the policy statements would affect his sentence. In fact, the district court sentenced Brunson within the range provided by § 7B1.4 for a Grade B violation, Criminal History Category III (eight to fourteen months).

Second, this court reviews a district court's decision to deny a continuance of trial for abuse of discretion. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). To prevail, the defendant must show that the denial prejudiced his case. United States v. LaRouche , 896 F.2d 815, 823 (4th Cir.), cert. denied, 496 U.S. 927 (1990). Brunson fails to show how he was prejudiced by the district court's decision to hear testimony on January 3rd of the witnesses who were present especially in light of the fact that the district court did, in fact, grant a continuance to allow Brunson to call additional witnesses.

Accordingly, we affirm Brunson's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4